# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                     Case No. 08-MC-8

CODY ERIC SCHAAL,

    Respondent.

## ORDER DENYING REQUEST FOR RELEASE

This matter came before the Court on December 22, 2008, for a hearing on whether Respondent Cody Eric Schaal had complied with the Court's Order of June 12, 2008, enforcing an IRS summons which directed him to appear, testify and produce records pursuant to 26 U.S.C. § 7402(a). On November 26, 2008, after Schaal's repeated failure to comply with the June 12 Order, the Court found him in contempt and issued an Order of Remedial Contempt placing him in custody and subjecting him to escalating fines until such time as he complied. Schaal claims he has complied with the order to the extent required by law and is excused from providing further information by virtue of his Fifth Amendment right against self-incrimination.

In the June 12 Order, Schaal was ordered to comply with summonses issued pursuant to 26 U.S.C. §§ 7602(a) by Internal Revenue Agent Michael J. Majewski on December 28, 2007. The summonses required Schaal to appear before Agent Majewski, give testimony and bring for examination documents relating to the collection of his tax liability for the years 2004 through 2007.

As to the years 2004, 2005 and 2006, such documents included, but were not limited to:

> Forms W-2 (Wage and Tax Statement), Forms 1099 for interest and dividend income, employee earnings statements, and records of deposit with banks or other financial institutions. Also include all other books, records, documents and receipts for income from, but not limited to the following sources: wages, salaries, tips, fees, commissions, interest, rents, royalties, alimony, state or local tax refunded, annuities, life insurance policies, endowment contracts, pensions, estates, trusts, discharge of indebtedness, distributive shares of partnership income, business income, gains from dealings in property, and any other compensation for services (including receipt of property other than money). Include all documents and records about any income you assigned to any other Person or entity.

As to the year 2007, such documents included, but were not limited to:

> All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, savings account passbooks, records or certificates of deposit.

When he failed to comply after being granted repeated opportunities to do so, Schaal was found in contempt and taken into custody pursuant to the above-referenced Order of Remedial Contempt. At the hearing held before the court on December 22, 2008, Schaal claimed he had met with Agent Majewski and complied with the Court's June 12 Order to the extent lawfully required. Although he provided none of the documents he was ordered to produce and declined to answer any of Agent Majewski's questions, Schaal claimed he was entitled to release. Schaal stated he had read a document to Officer Majewski, which he also read at the hearing on December 22, 2008. (Doc. # 36.) The document presents various arguments that have either already been addressed or are too unintelligible to merit a response. One argument he makes, however, does raise sufficient merit to address separately.

2

Schaal claims that under the Fifth Amendment, he has no obligation to answer any of Agent Majewski's questions relating to his income. He also claims that he does not possess any business or banking records. The question before me, then, is whether Schaal's assertion of a blanket privilege under the Fifth Amendment, coupled with his claim he does not possess any of the documents he was ordered to produce, constitutes compliance with the summonses such that he should now be released. For the reasons stated below I conclude that it does not.

## ANALYSIS

Congress granted the Internal Revenue Service ("IRS") power to issue summons to investigate possible violations of the tax code. 26 U.S.C. § 7602. "The IRS' broad power to investigate possible violations of the tax laws is understood to be vital to the efficacy of the federal tax system, 'which seeks to assure that taxpayers pay what Congress has mandated and to prevent dishonest persons from escaping taxation thus shifting heavier burdens to honest taxpayers.'" *United States v. BDO Seidman*, 337 F.3d 802, 810 (7th Cir. 2003) (quoting *United States v. Bisceglia*, 420 U.S. 141, 146, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975)). Although the IRS' power to investigate is broad and the summonses it issues in investigations are entitled to deference, effective enforcement of the tax laws does not trump constitutional protections. *See U.S. v. Fox*, 721 F.2d 32, 40 n.6 (2d Cir. 1983).

The Fifth Amendment, in relevant part, provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other

3

proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). Thus, any person protected by the privilege "may not be required to answer a question if there is some rational basis for believing that it will incriminate him, at least without at that time being assured that neither it nor its fruits may be used against him" in a subsequent criminal proceeding. *Maness v. Meyers*, 419 U.S. 449, 473, 95 S.Ct. 584, 598, 42 L.Ed.2d 574 (1976) (WHITE, J., concurring).

Recipients of IRS summonses may properly invoke their Fifth Amendment privilege against self-incrimination. The respondent's blanket claim of Fifth Amendment privilege to avoid complying with a summons, however, is not a valid assertion of the privilege. *See United States v. Schmidt*, 816 F.2d 1477, 1481-82 (10th Cir. 1987) (holding that a "generalized fear of criminal prosecution for a violation of the tax laws is an insufficient basis for asserting a blanket claim of the Fifth Amendment privilege in refusing to produce . . . documents requested by . . . summonses."). "In responding to a summons, the individual summoned must present himself for questioning and 'claim the constitutional privilege as particular questions are asked.'" *United States v. Awerkamp*, 497 F.2d 832, 836 (7th Cir. 1974) (quoting *In re Turner*, 309 F.2d 69, 71 (2d Cir. 1962)).

Schaal's recent appearance before Agent Majewski is thus insufficient to purge his contempt since he declined to answer any question, choosing instead to read his declaration to Agent Majewski. To comply with the Court's order he must present himself before Agent Majewski and claim the constitutional privilege as to the particular questions to which he sincerely believes it applies. This will insure a record sufficient for the Court to determine whether the privilege is properly asserted. It will also allow for appellate review, if requested by either party.

4

The Government appears to take the position that since there has been no referral of Schaal's case to the Department of Justice for criminal investigation, Schaal may not properly assert his Fifth Amendment privilege to questions about his income. In a letter brief filed with the Court, the government contends that Schaal has not demonstrated that he has a reasonable cause to apprehend a risk of criminal prosecution upon responding to Agent Majewski's questions. (Doc. # 37 at 2.) The Government cites two unpublished district court decisions in which similar Fifth Amendment challenges to enforcement orders were rejected. *See United States v. Hines*, 2008 WL 1995066 (M.D. Fla. May 7, 2008); *United States v. Soesser*, 2008 WL 713672 (D. N.M. Jan. 17, 2008). But both *Hines* and *Stoesser* dealt with whether a blanket assertion of the respondent's right against self-incrimination precluded entry of an order enforcing the summons. Both courts held that it did not, just as this Court has.

This does not mean, however, that Schaal may not properly assert his privilege against self-incrimination to specific questions that may be put to him. The fact that no referral has been made for criminal prosecution so far is not the same as saying that none will be made later. The IRS may be statutorily prevented from exercising the summons power of § 7602 after a criminal referral is made, but nothing prevents the government from using information obtained from the process in a later criminal proceeding. *See* 26 U.S.C. § 7602(d)(1) ("No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person."). As the lines between the "civil" and "criminal" aspects of an investigation may initially be difficult to ascertain, the IRS may simultaneously pursue its own civil and criminal investigations of taxpayers prior to any referral. *Jones v. United States*, 791 F. Supp. 760, 762 (E.D. Ark. 1992).

5

The existence of "substantial and real hazards of self-incrimination" is required in order to assert one's Fifth Amendment privilege. *United States v. Argomaniz*, 925 F.2d 1349, 1353 (11th Cir.1991). In other words, the prospect of criminal prosecution must be more than "merely trifling or imaginary." *Marchetti v. United States*, 390 U.S. 39, 53 (1968). Even though it is true that Agent Majewski is conducting a civil tax investigation and the IRS has not referred the matter to the Department of Justice for criminal prosecution, Schaal is being investigated for failure to file federal income tax returns for three years. Willful failure to file an income tax return is a crime under 26 U.S.C. § 7203. Thus, the prospect of a criminal prosecution may well be real and substantial, as opposed to "merely trifling or imaginary." Assuming Schaal asserts his right against self-incrimination to specific questions, it will be for this Court to determine whether a sufficient basis exist for him to do so. *See, e.g., United States v. Grable*, 98 F.3d 251, 255-56 (6th Cir. 1996). Indeed, under some circumstances, the Fifth Amendment can even be asserted as to requests for production of personal documents. *See United States v. Doe*, 465 U.S. 605, 612-13 (1984).

Accordingly, for the reasons set forth above, Schaal's request that he be released at this time is denied. In the event he elects to comply with this Court's order enforcing the summons, appears before Agent Majewski, and responds to his questions, either by providing the information requested or by properly asserting his right against self-incrimination to questions where it is warranted, the Court will reconsider his request.

**SO ORDERED** this ___30th___ day of December, 2008.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge